1 | PICK & BOYDSTON, LLP
Brian D. Boydston (State Bar No. 155614)
2 | 10786 Le Conte Ave.
Los Angeles, CA 90024
3 | (213) 624-1996
(213) 624-9073 fax
4
5 | Attorneys for Plaintiff
WORLDWIDE SUBSIDY GROUP, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLDWIDE SUBSIDY GROUP, LLC, a Texas Limited Liability Company, | Case No. 2:14-cv-00013-AB (JCx) |
| Plaintiff, | PROTECTIVE ORDER |
| v. | [MODIFIED BY COURT] |
| FÉDÉRATION INTERNATIONAL DE FOOTBALL ASSOCIATION, and Does 1 through 20, inclusive, | |
| Defendants. | |

## **ORDER**

**GOOD CAUSE APPEARING**, the Court hereby approves this Protective Order, which modifies the Stipulation and proposed protective order in certain respects.

**IT IS SO ORDERED.**

Dated: October 26, 2017

/s/ Jacqueline Chooljian
_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

WHEREAS certain information and documents, including confidential, trade secret or proprietary information, may be requested and produced in the above-captioned action;

WHEREAS in order to facilitate the exchange of such confidential, trade secret, or proprietary information and documents;

WHEREAS Plaintiff Worldwide Subsidy Group ("WSG" or "PLAINTIFF"), and defendant Fédération Internationale de Football Association ("FIFA" or "DEFENDANT") (collectively, "the Parties"), by and through their respective counsel of record, have stipulated materially as follows ("Stipulation"), and WHEREAS the Court, having reviewed the Stipulation deems it appropriate to modify the proposed protective order submitted therewith ("proposed protective order") in certain respects, the Court hereby orders as follows:

1. In this Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-entitled proceeding.

    b. "Court" means the Hon. Andre Birotte, Jr., the Hon. Jacqueline Chooljian, or any other judge to which this Proceeding may be assigned, including Court staff participating in the Proceeding.

    c. "Confidential Material(s)" means any Document, Testimony or Information as defined below designated as "Confidential" or "Confidential – Attorney's Eyes Only" pursuant to the provisions of this Protective Order. It shall also mean any Document, Testimony or Information that has heretofore been labeled "Confidential" in any other proceeding, including, but not limited to, proceedings before the Copyright Royalty Board.

    d. "Designating Party" means the Party that designates Materials as "Confidential" or "Confidential – Attorney's Eyes Only" pursuant to this Protective Order.

e. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

f. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

g. "Information" means the content of Documents or Testimony.

h. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

i. "Designation" means any of the following, as defined for use herein and subject to such limitations in this Protective Order: "Confidential," or "Confidential Attorney's Eyes Only".

2. The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

3. The Designating Party shall have the right to designate as "Confidential-Attorney's Eyes Only" only the non-public Documents, Testimony and Information that the Designating Party in good faith believes would create a substantial risk of serious financial or other injury, if Disclosed to another Party or non-Party, and that such risk cannot be avoided by less restrictive means.

4. Any Confidential Material must be clearly designated before the Document, Testimony or Information is Disclosed or produced; provided that the failure to designate any Documents, Testimony or Information as Confidential Material does not constitute a waiver of such claim, and any Document, Testimony or Information is subject to the protections of this Protective Order from the time it is

designated and stamped with its appropriate Designation(s) in accordance with paragraphs 2 or 3. The Designation(s) should not obscure or interfere with the legibility of any information contained with the Confidential Material.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend of Confidential" or "Confidential – Attorney's Eyes Only" on each page of any Document containing such designated Confidential Material.

    b. For Testimony given in depositions the Designating Party may either:

        i. identify on the record, before the close of the deposition, Testimony to be designated "Confidential" or "Confidential Attorney's Eyes Only" by specifying all portions of the Testimony that qualify for such Designation(s); or

        ii. designate on the record, before the close of the deposition, the entirety of the Testimony at the deposition as "Confidential" or "Confidential Attorney's Eyes Only" before the deposition is concluded with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing the designated Information may be separately bound by the court reporter, who must affix to the top of each page the legend of the applicable Designation(s), as instructed by the Designating Party.

    c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend stating the applicable Designation(s). If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the portions of the Information subject to the Designation(s).

5. The inadvertent production by the Parties or non-parties to the Proceeding of any Document, Testimony or Information without a Designation, shall be without prejudice to any claim that such item is subject to a Designation and such Party or non-party shall not be held to have waived any confidentiality or rights by such inadvertent production, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.

    a. Upon discovery of any inadvertent or unintentional disclosure of Confidential Material, counsel for the Parties shall make all reasonable efforts to mitigate any deleterious effects of such disclosure and shall cooperate to restore the confidentiality of such disclosed information.

    b. In the event that any confidential Document, Testimony or Information is inadvertently produced without a Designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information with the Designation (the "Inadvertent Production Notice").

    c. Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the Confidential Materials with the Designation.

    d. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production.

    e. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges.

In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

6. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery objects to a Designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). The Parties shall then attempt in good faith to resolve the dispute.

    a. To the extent that no resolution can be reached, Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion pursuant to Local Rule 37-1 et seq. with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion").

    b. Pending a resolution of the Designation Motion by the Court, any and all existing Designations on the Documents, Testimony or Information at issue in such Motion shall remain in place.

    c. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its Designation(s).

    d. In the event that the Designation Objections are neither timely agreed to nor timely addressed by a Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

7. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons, subject to the limits of the other paragraphs of this Protective Order:

    a. Parties and employees, former employees, agents, representatives or consultants of the Parties whose assistance counsel requests for purposes of this Proceedings;

    b. counsel for the Parties, including in-house counsel, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services, who are working on this Proceeding (or any further proceedings herein) under the direction of such attorneys and to whom it is necessary that the Confidential Materials be Disclosed for purposes of this Proceeding. Such employees, assistants, contractors and agents to whom such access is permitted and/or Disclosure is made shall, prior to such access or Disclosure, be advised of, and become subject to, the provisions of this Protective Order.;

    c. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A prior to the Disclosure of Confidential Materials. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

    d. any person who authored, received, saw or was otherwise familiar with a document or thing marked "Confidential," including any person otherwise

familiar with the Confidential Information contained therein, but only to the extent of that person's prior familiarity with the Confidential Information;

   e. court reporters and videographers in this Proceeding (whether at depositions, hearings, or any other proceeding); and

   f. the Court.

  8. Access to and/or Disclosure of Confidential Materials designated as "Confidential – Attorneys' Eyes Only" shall be permitted only to the following persons:

   a. Outside counsel for the Parties, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services, who are working on this Proceeding (or any further proceedings herein) under the direction of such attorneys and to whom it is necessary that the Confidential Materials be Disclosed for purposes of this Proceeding. Such employees, assistants, contractors and agents to whom such access is permitted and/or Disclosure is made shall, prior to such access or Disclosure, be advised of, and become subject to, the provisions of this Protective Order.;

   b. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A prior to the Disclosure of Confidential Materials. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

    c.  any person who authored or was the direct recipient of a document or thing marked "Confidential - Attorney's Eyes Only";

    d.  court reporters and videographers in this Proceeding (whether at depositions, hearings, or any other proceeding); and

    e.  the Court.

  9.  Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

  10.  Any Party to the Proceeding (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Protective Order.

  11.  Entering into, agreeing to, and/or complying with the terms of the Stipulation, the proposed protective order, and this Protective Order shall not:

    a.  Alter, limit, prejudice, or waive any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion;

    b.  Alter, limit, prejudice, or waive any right of any Party or person to object to the use, relevance, or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as Confidential Material governed by this Protective Order;

    c.  operate as an admission by any person that any particular Document, Testimony or Information marked with a Designation contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information;

        d.     be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection; or

        e.     prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order):

        i.     to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as a particular Designation under the terms of this Protective Order; or

        ii.     to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Protective Order, either generally or as to any particular Document, Material or Information.

12.     Absent further Order of the Court, this Protective Order applies even to any party to the Proceeding who has not executed the Stipulation as of the time it is presented to the Court for approval. Having said that, any party to the Proceeding who has not executed the Stipulation as of the time it is presented to the Court for approval may thereafter become a Party to the Stipulation by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to the Stipulation. Until any party to this Proceeding, newly joined or otherwise, has executed and filed with the Court an executed copy of the Stipulation they shall not have access to Confidential Material.

13.     Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party with a Designation under the terms of this Protective Order, and any such Designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such Designation shall also function as consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any

motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Protective Order.

14. If any person subject to this Protective Order who has custody of any Confidential Material receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Material, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. Absent express written consent of the Designating Party, the recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

15. If, after execution of the Stipulation, any Confidential Material submitted by a Designating Party under the terms of the Stipulation or Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

16. The Stipulation was entered into without prejudice to the right of any Party to knowingly waive the applicability of the Stipulation and Protective Order to any Confidential Materials designated by that Party.

17. Where any Confidential Materials, or Information derived from Confidential Materials, is included in any motion or other proceeding, the same shall

be separately filed provisionally under seal with the clerk in accordance with Local Rule 79.5.

18. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

19. The Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of the Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider the Stipulation and Protective Order, even after the Proceeding is terminated.

20. Upon written request, after the settlement or other termination of the Proceeding, including all appeals and/or remands, the Parties who executed the Stipulation shall either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

21. It has been agreed that after the Stipulation and proposed protective order were signed by counsel for all Parties, the same would be submitted to the Court for approval. Counsel have agreed to be bound by the terms of the Stipulation and

proposed protective order with regard to any Confidential Materials that have been produced before the Court took action on the proposed protective order and signed the Protective Order.

22. The Parties and all signatories to the Stipulation have agreed to be bound by the Stipulation and proposed protective order pending approval and entry by the Court of a protective order.

23. The Parties have agreed that in the event that the Court modified the Stipulation and proposed protective order, or in the event that the Court entered a different protective order, they would be bound by the Stipulation and proposed protective order until such time as the Court entered a different order. It is the Parties' intent to be bound by the terms of the Stipulation and proposed protective order pending entry of a protective order so as to allow for immediate production of Confidential Materials under the terms therein.

# EXHIBIT A
## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on October 26, 2017 in the case of WORLDWIDE SUBSIDY GROUP, LLC v. FÉDÉRATION INTERNATIONAL DE FOOTBALL ASSOCIATION, CV14-00013 AB (JCx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____